IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

REZA VAFAIYAN, #1361129,  )
      Plaintiff,  )
        )
v.  )      3:06-CV-1619-K
        )
TARGET INC., et al.,  )
      Defendants.  )

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on January 14, 2008, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights complaint brought by a state inmate pursuant to 42 U.S.C. § 1983.[1]

Parties: Plaintiff Reza Vafaiyan ("Vafaiyan") is presently confined at the Robertson Unit in Abilene, Texas, serving a state sentence for the offenses of money laundering.

Defendants are Target Inc, Target employee Mike Ellsworth, Dallas Police Officer Williams, and Special Agent Dale Newkirk of the Drug Enforcement Agency (DEA). The court has not issued process in this case, pending preliminary screening. On January 17, 2008, the Magistrate Judge issued a questionnaire to Plaintiff, who filed his answers thereto on March 4,

---

[1] This action was initially filed in the Wichita Falls Division of the Northern District of Texas, and was in turn transferred to the Dallas Division because of improper venue. *See Vafaiyan v. Target, Inc., et al.*, 3:06-CV-0139-R. The case was thereafter dismissed without prejudice for want of prosecution because Plaintiff failed either to pay the filing fee or submit a motion to proceed *in forma pauperis*. Following a remand from the Fifth Circuit, Plaintiff filed a motion to proceed *in forma pauperis*, which this court granted on January 14, 2008.

2008.

Statement of Case: On August 9, 2004, Plaintiff Vafaiyan bought two boxes of Sudafed at a Target store near Love Field Airport in Dallas, Texas. Defendant Williams stopped Plaintiff in the parking lot, took him inside the Target store and detained him allegedly without probable cause. According to Vafaiyan, Williams told him that he was stopped because Williams had received an e-mail with Plaintiff's picture and instructions to arrest him. After copying Plaintiff's driver license and making a few phone calls, Officer Williams released Plaintiff.

Following his release, Plaintiff drove to his store in Wichita Falls, Texas, where approximately fifteen officers arrested him, and searched and seized his truck and store. Plaintiff was charged with Transportation of Chemicals with Intent to Manufacture, and his bond was set at $250,000. He alleges that his picture and store appeared on TV news report, that he was improperly described as a drug dealer, and that his store remained closed and was burglarized because he could not post the excessively high bond. Ultimately the criminal charge for which he was arrested was dismissed and he was subsequently prosecuted for money laundering.

Plaintiff alleges that as a result of Defendants' "acts of conspiracy, unlawful det[ention], arrest, search and seizure, and false accusation, [he] was deprived directly and indirectly of equal protection of the law privileges, [and] liberty." According to Plaintiff, Defendants singled him out and discriminated against him based on his national original. He seeks both compensatory and punitive damages.

Findings and Conclusions: The Court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

The court shall review . . . as soon as practicable after docketing, a complaint in a

2

civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989).

Plaintiff seeks to sue Target Inc. and its employee, Mike Ellsworth, and Dallas Police Officer Williams, who during the events at issue in this case was employed as a private security officer for Target. Plaintiff filed the complaint in this case on the form to be used by prisoners in filing civil rights actions pursuant to 42 U.S.C. § 1983. That section affords redress only for conduct committed by a person acting under color of state law and does not ordinarily involve conduct of a private citizen or corporation. *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004); *Scott v. Moore*, 85 F.3d 230, 233 (5th Cir. 1996); *Thibodeaux v. Bordelon*, 740 F.2d 329, 332 (5th Cir. 1984).[2]

---

[2] 42 U.S.C. § 1983 provides in relevant part as follows:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to

3

Defendant Target is a private corporation, and Defendant Ellsworth is a private citizen. "Private individuals generally are not considered to act under color of law – i.e., are not considered state actors . . . ." *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005). "Notwithstanding this limitation, a private individual may act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors." *Id. (citing Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150-52, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)).

In an effort to establish a basis for § 1983 liability against Target and Ellsworth, Vafaiyan alleges that they entered into a conspiracy with Officer Williams and Special Agent Newkirk.[3] Specifically he claim that for a two-year period Newkirk attempted to entrap him. His allegations, however, are general. He states only conclusions about the existence of a conspiracy, without providing any objective facts in support. Specific facts must be pled when a conspiracy is alleged; mere conclusory allegations will not suffice. *Hale v. Harney,* 786 F.2d 688, 690 (5th Cir. 1986). In pleading these specific facts, the plaintiff must allege the operative facts of the alleged conspiracy. *Lynch v. Cannatella,* 810 F.2d 1363, 1369-70 (5th Cir. 1987). In order to state a valid conspiracy claim, a plaintiff must allege facts which suggest (1) an agreement between persons including law enforcement officials to commit an <u>illegal act</u>, and (2)

---

        be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

       [3]      Since Newkirk was a federal law enforcement agent, any liability would be based upon the Supreme Court's decision in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S. Ct. 1999 (1971); *Izen v. Catalina,* 398 F.3d 363, 367 n. 3 (5th Cir. 2005) (A *Bivens* action is analogous to an action under § 1983 except that § 1983 applies to constitutional violations by state, rather than federal actors).

an actual deprivation of a constitutional right. *E.g. see Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994); and *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995) (citing *Pfannstial v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990)).

In addition, to recover on a conspiracy claim, the Fifth Circuit has held that there must be an actual deprivation of a constitutional right; a mere conspiracy to deprive is insufficient. *Villanueva v. McInnis,* 723 F.2d 414, 418 (5th Cir. 1984).

On the other hand cooperation between law enforcement officers and private citizens and cooperative efforts among law enforcement officers and agencies to ferret out and prosecute criminal activity can never constitute violations of an accused person's constitutional rights. The complaint fails to allege facts which would permit an inference that the Defendants conspired to deprive Plaintiff of his constitutional rights. Plaintiff's complaint and questionnaire answers do not allege facts showing an agreement among the Defendants, nor that the they ever met or discussed the criminal charges presently pending against him. *See Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). There is a complete absence of any allegation of fact to show that Target Inc., Ellsworth and Williams had any plan to injure Plaintiff. Nor does the fact that Plaintiff was under investigation by Special Agent Newkirk of the DEA for a period of two years allege a violation of his constitutional rights.

However, of controlling significance and dispositive of the present action is the fact that no cognizable claim against any of the named defendants has yet accrued in light of the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364 (1994).

Plaintiff is presently confined for a money laundering offense, for which he was convicted and sentenced to life imprisonment on March 30, 2006, in Wichita County, Texas, in

Cause No. 43,526-B . (Answer to Question 1). A direct appeal is presently pending before the Second District Court of Appeals. (*Id.*); *see Vafaiyan v. State*, No. 02-06-00144-CR.

According to Plaintiff, the facts in this case stem from a charge (Transporting Certain Chemicals with Intent to Manufacture) which was "dismissed" even before he had a hearing in No. 43, 526-B. (Answer to Question 1). While it is true that the charge for Transportation of Chemicals with Intent to Manufacture was ultimately dismissed, Plaintiff overlooks that it was incorporated in the money laundering charge in No. 43,526-B. He conceded as much in his Amended Complaint filed on August 11, 2006, in *Vafaiyan v. City of Wichita Falls*, 7:06cv0069-R, at § IV.B.4. *See also* Defendants' motion to dismiss filed on November 15, 2007, in *Vafaiyan v. City of Wichita Falls*, No. 7:06cv140-R, at 9. Moreover, Plaintiff's judgment of conviction for money laundering in No. 43,526-B reflects the following offense date: "February 2, 2002, continuing through August 9, 2004" -- the latter being the date of the "arrest and release" at the Target store at issue in this case. *See Id.* at Exh. A attached to Defendants' motion to dismiss.[4]

Despite the fact that Vafaiyan has attempted to limit the claims in this action to only the events which occurred on August 9, 2004, in an effort to avoid the claim preclusive effect of *Heck*, the allegations and his own admissions demonstrate otherwise. As noted above, the indictment in the money laundering conviction includes conduct continuing through August 9, 2004, the date on which he was confronted by Defendant Williams and ultimately released. Further, the alleged conspiracy between Special Agent Newkirk and the remaining defendants was alleged to have taken place over a two-year period, culminating in Plaintiff's arrest on August 9, 2004. Finally it is clear that Defendant Ellsworth testified against Vafaiyan in the

---

[4] The court may take judicial notice of pleadings filed in other actions in this district.

money laundering case. (Answers to Questions 2, 3, and 8).

In *Heck*, the Supreme Court stated:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* The *Heck* Court unequivocally held that unless an authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's confinement, his claim "is not cognizable under [section] 1983." *Id.* at 487. The *Heck* "favorable termination" requirement applies to *Bivens* actions, as well as civil rights actions under 42 U.S.C. §§ 1983, 1985, and 1986. *Stephenson v. Reno,* 28 F.3d 26, 27 (5th Cir. 1994).[5]

Plaintiff's own assertions confirm that he cannot satisfy the favorable termination requirement set out in *Heck*. His direct criminal appeal is presently pending before the Second District Court of Appeals. (Answer to Question 1). Plaintiff is, therefore, precluded from maintaining a civil cause of action at the present time challenging events that ultimately led to his arrest, prosecution, and conviction for money laundering, for which he is presently incarcerated within TDCJ-CID. *Heck*, 512 U.S. at 488-89; *accord Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of

---

[5] In *Wilkinson v. Dotson*, 544 U.S. 74, 81, 125 S. Ct. 1242 (2005), the Supreme Court repeated its long-held conclusion that prisoners must challenge their claims in habeas if "they seek to invalidate the duration of their confinement--either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." In doing so it reaffirmed the *Heck* favorable termination requirement. *Id.* at 82.

*Heck*, he is barred from any recovery . . . .").

The court should dismiss Plaintiff's claims, which seek to undermine his criminal conviction, with prejudice as frivolous to their being asserted again until the *Heck* conditions are met. *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) *(quoting Johnson v. McEleveen*, 101 F.3d 423, 424 (5th Cir. 1996) (noting preferred language)).

Insofar as Plaintiff alleges defamation of his character as a result of his arrest at the Target store and then at his place of business in Wichita Falls, his claim fails to raise a federal constitutional violation. Allegations of an injury solely to a plaintiff's reputation or character are insufficient to establish liability for civil rights violation under 42 U.S.C. § 1983. *See Paul v. Davis,* 424 U.S. 693, 711-12, 96 S. Ct. 1155 (1976) (interest in reputation alone does not implicate a "liberty" or "property" interest sufficient to invoke due process protection under § 1983); *Cinel v. Connick,* 15 F.3d 1338, 1343 (5th Cir. 1994) (same); *Oliver v. Collins,* 904 F.2d 278, 281 (5th Cir. 1990) (same); *see also Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 277 (5th Cir. 2001). Moreover, unless and until his conviction were overturned, he could not pursue a state law defamation case because he would have no good reputation to be damaged.

Plaintiff's racial profiling claim fares no better. While racial profiling can constitute a deprivation of a citizen's constitutional right to equal protection of the laws, Plaintiff's allegations are wholly conclusory and fail to allege any conduct from which prohibited profiling could be inferred.[6] His complaint fails to assert that Defendants' actions had a discriminatory

---

[6] U.S. Const. amend. XIV; *Whren v. United States*, 517 U.S. 806, 813, 116 S. Ct. 1769, 1774 (1996) (holding that claims asserting selective enforcement of a law on the basis of race are properly brought under the Equal Protection Clause, and that the right to equal protection may be violated even if the actions of the police are acceptable under the Fourth Amendment)*; United States v. Avery*, 137 F.3d 343, 352 (6th Cir. 1997) ("the Equal Protection Clause of the Fourteenth Amendment provides citizens a degree of protection independent of the

effect and that they were motivated by a discriminatory purpose. *United States v. Armstrong*, 517 U.S. 456, 465, 116 S. Ct. 1480, 1487 (1996) (to establish a claim of racial profiling, the plaintiff must demonstrate that the defendant's actions had a discriminatory effect and were motivated by a discriminatory purpose); *see also Marshall v. Columbia Lea Regional Hosp.*, 345 F.3d 1157, 1168 (10th Cir. 2003).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED with prejudice as frivolous. *See* 28 U.S.C. §§ 1915A(b)(1), and 1915(e)(2)(B)(i).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 27th day of June, 2008.

*[signature: Wm. F. Sanderson, Jr.]*

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

Fourth Amendment protection against unreasonable searches and seizures.").